CM

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DENNIS CUMMINGS )
         Plaintiff, )
 )
v. )
 )
THOMAS J. DART, MICHAEL PETTIS, )
STACY TOMS, TIMOTHY JOYCE, )
JAMES MURPHY, MARY INNES, )
SHERRY ODUNSI-CRAWL, DAPHNIE )
HARRIS, JOHNNIE MINTER EDWARD, )
MICHAEL BAGNOWSKI, ERICA )
REDDICK, ARTHUR HILL, CCDOC )
DIVISION 5 LIEUTENANT PRISIONER )
TRANSPORTATION, EBONY M CURL, )
CARL M CARTER, CHRISTOPHER )
PETTIS, WALTER J SHEPLER, )
KIMBERLY M. FOXX, DAVID R. )
NAVARRO, SUSAN L. ORTIZ, ERIKA )
BARNAS, ARTHUR WESLEY WILLIS, )
CITY OF CHICAGO, and COOK )
COUNTY )
         Defendants.

1:21-cv-05914
Judge Sara L. Ellis
Magistrate Judge Gabriel A. Fuentes
PC8
RANDOM

**No.**





NOV 0 4 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMMON LAW COMPLAINT AND DEMAND OF TRIAL BY JURY

Now comes Plaintiff, DENNIS CUMMINGS, by and through his counsel, Blake Atlas Billups,

and complains of the Defendants: THOMAS J. DART, MICHAEL PETTIS, STACY TOMS,

TIMOTHY JOYCE, JAMES MURPHY, MARY INNES, SHERRY ODUNSI-CRAWL,

DAPHNIE HARRIS, JOHNNIE MINTER EDWARD, MICHAEL BAGNOWSKI, ERICA

REDDICK, ARTHUR F. HILL, CCDOC DIVISION 5 LIEUTENANT PRISIONER

TRANSPORTATION, EBONY M CURL, CARL M CARTER, CHRISTOPHER PETTIS,

WALTER J SHEPLER, KIMBERLY M. FOXX, DAVID R. NAVARRO, SUSAN L. ORTIZ,

ERIKA BARNAS, ARTHUR WESLEY WILLIS, COOK COUNTY CORRECTIONAL

OFFICER DANIELS, CITY OF CHICAGO, and COOK COUNTY and states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 USC §1983, 42 USC §1985 and 42 USC §1988, under the common law, to redress the deprivation of the Plaintiff's protected rights under the Constitution of the United States, under the color of law.

2. As a result of the abuse of police powers, judicial corruption, conspiracy, police misconduct, prosecutorial misconduct, and abuse more fully clarified below, the Plaintiff was kidnapped, falsely arrested, maliciously prosecuted, and suffered other injuries.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the action pursuant to 28 USC § 1331 as this matter involves a federal question and the laws of the United States and 28 U.S.C. Section § 1343 as the matter involves the right to recover damages for injury and the deprivation of rights and privileges.

4. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. Section § 1367 over Plaintiff's state-law claims that are related to and form part of the same case or controversy. It is appropriate that this Court exercise supplemental jurisdiction over the state law claims because they involve the same parties and operative facts as the federal claims. Therefore, the Court's use of supplemental jurisdiction will aid in the fair administration of justice to the parties.

5. Venue is proper pursuant to 28 USC § 1391(b) as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

6. The Plaintiff requests a trial by jury pursuant to Fed. R. Civ. P. 38.

## THE PARTIES

7. The Plaintiff, DENNIS CUMMINGS, was at all relevant times a citizen of the United States and a resident of COOK COUNTY, Illinois.

8. THOMAS J. DART at all relevant times was the Sheriff of the COOK COUNTY Sheriff's Office acting within the scope of his employment. DART is sued in this action in his individual and official capacity.

9. MICHAEL PETTIS at all relevant times was a CITY OF CHICAGO police officer and a deputy marshal of the United States Marshal Service Great Lakes Regional Fugitive Task Force purporting to act within the scope of his employment. PETTIS is sued in this action in his individual and official capacity.

10. STACY TOMS at all relevant times was a CITY OF CHICAGO police officer and a deputy marshal of the United States Marshal Service Great Lakes Regional Fugitive Task Force purporting to act within the scope of her employment. TOMS is sued in this action in her individual and official capacity.

11. TIMOTHY JOYCE at all relevant times was a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Associate Judge acting outside the scope of his employment. TIMOTHY JOYCE is a named defendant in his individual capacity.

12. JAMES MURPHY at all relevant times was a COOK COUNTY State's Attorney acting within the scope of his employment. MURPHY is a named defendant in his individual and official capacity.

13. MARY INNES at all relevant times was a COOK COUNTY State's Attorney acting within the scope of her employment. INNES is sued in this action in her individual and official capacity.

3

14. SHERRY ODUNSI-CRAWL at all relevant times was a CITY OF CHICAGO police officer acting within the scope of her employment. CRAWL is sued in her individual and official capacity in this action.

15. DAPHNIE HARRIS at all relevant times was a CITY OF CHICAGO police officer acting within the scope of her employment. HARRIS is sued in this action individually and in her official capacity.

16. MICHAEL BAGNOWSKI at all relevant times was a COOK COUNTY State's Attorney acting within the scope of his employment. BAGNOWSKI is sued in this action individually and in his official capacity.

17. EBONY M CURL at all relevant times was a CITY OF CHICAGO police officer acting within the scope of his employment. CURL is a named defendant in this action in her individual and official capacity.

18. CARL M CARTER at all relevant times was a CITY OF CHICAGO police officer acting within the scope of his employment. CARTER is sued in this action individually and in his official capacity.

19. WALTER J SHEPLER at all relevant times was a CITY OF CHICAGO police officer acting within the scope of his employment. SHELPLER is sued in this action individually and in his official capacity.

20. CHRISTOPER PETTIS at all relevant times was a CITY OF CHICAGO police officer acting within the scope of his employment. PETTIS is sued in this action individually and in his official capacity.

21. ERICA REDDICK at all relevant times was a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Circuit Judge acting outside the scope of her employment. ERICA REDDICK is a named defendant in her individual capacity.

22. ARTHUR F. HILL at all relevant times was a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Associate Judge acting outside the scope of his employment. ARTHUR F. HILL is a named defendant in his individual capacity.

23. DAVID R. NAVARRO at all relevant times was acting as a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Judge outside the scope of his employment. DAVID R. NAVARRO is a named defendant in his individual capacity.

24. SUSANA L. ORTIZ at all relevant times was acting as a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Judge outside the scope of her employment. SUSANA L. ORTIZ is a named defendant in her individual capacity.

25. CCDOC DIVISION 5 PRISONER TRANSPORT LIEUTENANT at all relevant times was a COOK COUNTY DEPARTMENT OF CORRECTIONS officer acting within the scope of his employment. Defendant is sued in this action individually and in his official capacity.

26. KIMBERLY M. FOXX at all relevant times was the COOK COUNTY STATE's ATTORNEY acting within the scope of her employment. FOXX is a named defendant in this action in her individual and official capacity.

27. ERIKA BARNAS at all relevant times was an Assistant COOK COUNTY STATE's ATTORNEY acting within the scope of her employment. BARNAS is a named defendant in this action in her individual and official capacity.

28. ARTHUR WESLEY WILLIS at all relevant times was acting as a STATE OF ILLINOIS, COOK COUNTY CIRCUIT COURT Judge outside the scope of his employment. ARTHUR WESLEY WILLIS is a named defendant in her individual capacity.

29. COOK COUNTY CORRECTIONAL OFFICER DANIELS was at all relevant times a COOK COUNTY DEPARTMENT OF CORRECTIONS officer acting within the scope of his employment. Defendant is sued in this action individually and in his official capacity.

30. The Defendant, CITY OF CHICAGO, is an Illinois municipal corporation and is and was the employer of: MICHAEL PETTIS, STACY TOMS, SHERRY ODUNSI-CRAWL, DAPHNIE HARRIS, EBONY M CURL, CARL M CARTER, WALTER J SHEPLER, and CHRISTOPHER PETTIS. The CITY OF CHICAGO is responsible for the acts of the Defendants mentioned herein while employed by the CITY OF CHICAGO and while acting within the scope of their employment. The Defendant is liable for suit in this action in that the violations of the Plaintiff's constitutional rights by official acts resulted from customs of the CITY OF CHICAGO whereby there has been a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of the Plaintiff who came in contact with the municipal employees.

31. Defendant, COOK COUNTY, is an Illinois municipal corporation and is and was the employer of Defendants: THOMAS J. DART, MARY INNES, MICHAEL BAGNOWSKI, JAMES MURPHY, ERIKA BARNAS, KIMBERLY M. FOXX and CCDOC DIVISION 5 PRISONER TRANSPORTATION LIEUTENANT. COOK

COUNTY is responsible for the acts of the Defendants mentioned herein while they were employed by COOK COUNTY and while acting within the scope of their employment. The Defendant is liable for suit in this action in that the violations of the Plaintiff's constitutional rights by official acts resulted from customs of COOK COUNTY whereby there has been a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of the Plaintiff who came in contact with the municipal employees.

## STATEMENT OF FACTS

32. On or about May 20, 2020, Ariel K Johnson, an alleged victim of a criminal sexual assault occurring on January 15, 2019, conducted a photo array line-up in the presence of CRAWL in which Johnson identified a Charles Lyons as her attacker (Exhibit A). The photo array line-up was video taped and has been subpoenaed twice by the Plaintiff through his previous attorney, Andre Grant, unsuccessfully.

33. On or about July 14th, 2020, off-duty Chicago Police Department Officers/Great Lakes Regional Fugitive Task Force Deputy Marshals: MICHAEL PETTIS and STACY TOMS entered the home of DENNIS CUMMINGS located at 9631 S Greenwood Ave, Chicago, IL 60628. The off-duty police officers/deputy marshals, dressed in plain clothes and no visible law enforcement identification, entered the home, drew their weapons and ordered DENNIS CUMMINGS to lie face down on the ground. CUMMINGS asked the officers if they had a warrant and the officers indicated they did not. CUMMINGS was subsequently placed in handcuffs, kidnapped, transferred to EBONY M CURL on the

street and then held against his will in the CHICAGO POLICE DEPARTMENT DISTRICT 5 and processed as if he had been lawfully arrested.

34. On or about July 15th, 2020, between the hours of 1:00am and 5:00am, DENNIS CUMMINGS was remitted into the custody of the COOK COUNTY SHERIFF from CHICAGO POLICE DEPARTMENT DISTRICT 5.

35. On or about July 15th, 2020, the COOK COUNTY STATE'S ATTORNEY, by way of JAMES MURPHY, knowingly and willfully filed a "Petition for a Hearing on Denial of Bail Pursuant to Article 1, Section 9 of the Constitution of the State of Illinois Compiled Statutes, 1987 725 ILCS 5/110-6.1" in the COOK COUNTY CIRCUIT COURT which stated "That the proof is evident or the presumption great that the defendant is guilty of these crimes..." (Exhibit B).

36. On or about July 15th, 2020, the COOK COUNTY STATE'S ATTORNEY OFFICE, knowingly and willfully filed an unsigned document into the COOK COUNTY CIRCUIT COURT which stated the DNA gathered from a swab of the victim's mouth "resulted in a CODIS hit that matched another victim in an unrelated rape kit" and that CUMMINGS' DNA matched both kits (Exhibit C).

37. On or about July 15th, 2020, DAVID NAVARRO granted the COOK COUNTY STATE'S ATTORNEY's motion to deny bail.

38. On or about July 15th, 2020, SHERRY ODUNSI-CRAWL caused to be filed into the Circuit Court three complaints for preliminary hearing. The complaints were signed by CRAWL in the capacity as a complainant, on the behalf of Ariel Johnson, and as Clerk of the Circuit Court, on the behalf of Dorothy Brown.

39. On or about July 31st, 2020 at 11:57am, ERIKA BARNAS signed a "COMPLAINT FOR SEARCH WARRANT" (Exhibit D). The purported search warrant listed CRAWL as a complainant and contained representations that CUMMINGS was identified in a "CODIS HIT #24432" as the offender in the Ariel K Johnson sexual assault case. The purported search warrant was not signed by a judge of the Circuit Court.

40. On or about August 3, 2020, SUSANA L ORTIZ set a $10,000 I-Bond against the Plaintiff.

41. On or about September 11th, 2020, ARTHUR WESLEY WILLIS, noted in his order that the Plaintiff's charges had been "Superceded [sic] by Direct Indictment" and caused CUMMINGS to remain in the custody of the COOK COUNTY SHERIFF.

42. On or about October 8th, 2020, MARY INNES argued a motion to increase bond to $2.5 million D in the COOK COUNTY CIRCUIT COURT in front of TIMOTHY JOYCE. MARY INNES stated there was evidence that the DNA of DENNIS CUMMINGS could not be excluded from the DNA profile of Ariel K Johnson to the statistical frequency of 1 in 1.9 quintillion.

43. On or about October 8th, 2020, TIMOTHY JOYCE entered an order issuing a $2.5 million D bond against the Defendant and caused DENNIS CUMMINGS to be restrained of his liberty.

44. On or about September 15th, 2020, ERIKA BARNAS caused to be filed in the Circuit Court a "true bill" indictment that purported DAPHNIE HARRIS to be a witness. The "indictment" was not signed by a foreman of a grand jury (Exhibit E).

45. On or about February 5th, 2021, TIMOTHY JOYCE entered an order issuing a $750,000 D bond against the Defendant and caused DENNIS CUMMINGS to be restrained of his liberty.

46. On or about June 1st, 2021, MICHAEL PETTIS admitted in open court that he, nor his partner STACY TOMS, had a warrant to arrest DENNIS CUMMINGS (Pg. 12, line 8 of Exhibit F).

47. On June 1st, 2021, MICHAEL PETTIS admitted in open court that he, nor his partner STACY TOMS, had a warrant to search the home of DENNIS CUMMINGS located at 9631 South Greenwood in Chicago, IL (Pg. 12, line 10 of Exhibit F).

48. On June 1st, 2021, in open court, MICHAEL PETTIS said "I don't have an answer for that…" in response to the question of "Who makes the determination whether or not it's probable cause for you to go to someone's home?" (Pg. 12, lines 11-13 of Exhibit F). JOYCE sustained the question and added that he would at some point in the future, "…make that determination" of probable cause (Pg. 12, lines 14-15 of Exhibit F).

49. On or about June 1st, 2021, MICHAEL PETTIS admitted in open court that he and his partner STACY TOMS surveilled the home of DENNIS CUMMINGS with binoculars for several hours (Pg. 13, lines 5-24 of Exhibit F).

50. On or about July 28th, 2021, DENNIS CUMMINGS was to stand before ERICA REDDICK in court room 101 at 9:00am in the GEORGE N. LEIGHTON CRIMINAL COURT BUILDING to hear his: 'Motion to Substitute Judge', 'Motion to Dismiss for Warrantless Arrest and Prosecutorial Misconduct', 'Motion to Dismiss for Want of Jurisdiction', and 'Motion to Release Defendant from Custody Immediately'.

51. On or about July 28th, 2021, at 8:15am, DENNIS CUMMINGS was transported from his jail cell in the COOK COUNTY DEPARTMENT OF CORRECTIONS, located at 2700 S California Avenue, Chicago, IL 60608 to the GEORGE N. LEIGHTON CRIMINAL COURT BUILDING, located at 2650 S California Avenue, Chicago, IL 60608, via a prisoner transport bus. At that same time, a CCDOC DIVISION 5 PRISONER TRANSPORT LIEUTENANT told DENNIS CUMMINGS that he would not be allowed to enter the criminal court building because the CCDOC did not have paperwork for DENNIS CUMMINGS to appear in court.

52. On or about July 28th, 2021 at 9:00am, ARTHUR F. HILL was presiding over the 9:00am docket, instead of ERICA REDDICK in courtroom 101in the GEORGE N. LEIGHTON CRIMINAL COURT BUILDING even though ERICA REDDICK was present in the building (Exhibit G, line 8-9). ARTHUR F. HILL called case number 20CR0848501, PEOPLE OF THE STATE OF ILLINOIS v. DENNIS CUMMINGS and noted for the record that DENNIS CUMMINGS was not present in the court. At that time, Talena Cummings informed the bailiff of the court, Deputy Sheriff Perrell [phonetic] that DENNIS CUMMINGS was in the custody of the COOK COUNTY SHERIFF and that DENNIS CUMMINGS should be brought into the court to have his motions heard. The bailiff then approached the bench and relayed the information to HILL (Exhibit G, sub-exhibit A, Pg. 1). At or around 9:05am, ARTHUR F. HILL took a brief recess of ten minutes, then ordered the court back in session and called case number 20CR0848501, PEOPLE OF THE STATE OF ILLINOIS v. DENNIS CUMMINGS. At that time, HILL, noted for the record that DENNIS CUMMINGS was not present in the court. HILL then

continued case number 20CR0848501 until 08/17/2021 at 9:00am on the court call of

ERICA REDDICK (Exhibit G, sub-exhibit A, Pg. 2).

53. On or about 8/24/2021, the presiding judge of the criminal court, ERICA REDDICK,

ordered the subject Circuit Court matter to be heard in person on 8/25/2021 by Judge

Timothy Joyce (Exhibit H).

54. On or about 08/25/2021 at approximately 9:35am, JOYCE addressed the court and stated

that CUMMINGS was supposed to be in court, in person, but that he would not be

brought over because the court was conducting a jury trial that day. JOYCE then

continued the matter until 8/27/2021 in open court at 9:30am. CUMMINGS was never

brought to the court in person, as ordered by the presiding judge of the criminal court, nor

was he permitted to attend the proceedings in any other manner (Exhibit I paragraph 5;

Exhibit J paragraph 8).

55. On or about 9/2/2021 at approximately 9:49am, Dennis Cummings appeared via Zoom,

without having waived his right to a physical in-person hearing, when JOYCE advised

the Plaintiff and the Circuit Court that CUMMINGS was present via Zoom "due to the

ongoing COVID Pandemic and because the court is presently conducting a jury trial and

there aren't enough Sheriff's to bring Dennis Cummings over, I'm sorry" (Exhibit K

paragraph 8; Exhibit L paragraph 4-5).

56. JOYCE  addressed the court saying, "We're up today to schedule a day and time to hear a

motion to suppress evidence and quash arrest, is that right?" to which Dennis Cummings

reminded the Court that it had previously ordered said motion to be withdrawn just two

days prior and for his 'Motion to Release Defendant from Custody Immediately' and

'Motion to Dismiss for Warrantless Arrest and Prosecutorial Misconduct' to be scheduled for hearing on 9/2/2021.

57. Judge Timothy Joyce stated into the record, "We're not going to proceed with these motions as the Court is conducting an unrelated jury trial today". The Plaintiff objected on the record and stated on and for the record that he had been held in custody for over a year on a warrantless arrest (Exhibit K, paragraph 8; Exhibit L paragraph 7).

58. JOYCE then address INNES and asked if she could come back to court on 9/10/2021 to hear the motions that were previously set for hearing. INNES stated she had a jury trial the week of September 13th and had a week and a half worth of "prep" and couldn't be present that day for the motions hearings. CUMMINGS objected to any further continuance and moved the court to hear the motions that same day, 9/2/2021. JOYCE stated, "I'm not doing it today.", to which the Plaintiff stated on and for the record, "You scheduled these motions for hearing today", to which JOYCE replied, "I know, I know – I, I, it's just…[inaudible/muffled]". CUMMINGS then stated, "on the record and for the record I object" to which JOYCE noted the objections for the record and instructed the Plaintiff that he could appeal his order with the Appellate Court if he so chose. JOYCE continued the matter until 9/24/2021 at 9:30am (Exhibit K paragraph 8; Exhibit L paragraphs 8-11).

59. On or about 9/2/2021 at approximately 1:00pm, TIMOTHY JOYCE presided over an in-person hearing for a Robert Dunbar after having told CUMMINGS that the court could not hear his motions due to a jury trial and the ongoing COVID pandemic (Exhibit K paragraph 9; Exhibit L, paragraph 30).

60. On or about 9/24/21, CUMMINGS was not brought into the court while the case was heard, and JOYCE and INNES agreed to continue the matter until 9/30/2021 (Exhibit M paragraphs 13-19; Exhibit N paragraphs 22-35).

61. On this same day, MARY INNES tendered the Plaintiff with "over 100 pages" of discovery, after having previously tendered CUMMINGS' previous attorney, Andre Grant, with a package of discovery that was entitled "Dennis Cummings' Whole Discovery". Within this new discovery material that was previously held back was the photo lineup conducted on 5/20/2020 by the alleged victim of the 1/15/2019 sexual assault. In this line up, the alleged victim circled the photo of Charles Lyons and placed her initials next to her identification (Exhibit A). This witness interview, conducted by Edward Gao was videotaped. CUMMINGS', via Andre Grant, has twice subpoenaed this video which is purported to show the victim identifying her attacker who is not CUMMINGS. INNES and the rest of the State's Attorneys involved in the Circuit Court case held back this exculpatory evidence for over four months.

62. On or about 9/30/2021, DENNIS CUMMINGS, stated on the record that he was "in propria person by special appearance under the common law", and moved the COOK COUNTY CIRCUIT COURT to present evidence of its jurisdiction on the record in the form of a delegation of authority order by way of averment of jurisdiction from Congress. TIMOTHY JOYCE stated emphatically that "That has no meaning...Congress has no authority in this court room...I deny your motion." The challenge of the Circuit Court's jurisdiction was not answered (Exhibit O paragraphs 9-12, Exhibit P paragraphs 9-11, 16-18).

63. On or about 10/14/2021, Dennis Cummings appeared in the Circuit Court specially to challenge jurisdiction of the court. Cummings stated, "On and for the record, I've asked this court to present its delegation of authority order by way of averment of jurisdiction on the record to prove jurisdiction. Once challenged, jurisdiction cannot be assumed, it must be proved to exist; that's Stuck v. Medical Examiners which you should be well aware of." Joyce denied his motion without having pointed to evidence of the court's jurisdiction on the record (Exhibit Q paragraphs 4-7, Exhibit R paragraphs 7-8).

64. Dennis Cummings also moved the court to produce the oath of office and bond of the judge in the event that he was harmed during the court proceedings. Judge Timothy Joyce denied the motion, moved to set the matter for trial and denied Cummings' request that he be able to hand discovery, tendered to him that day in court, to his notary in the audience. (Exhibit Q paragraphs 8-10, Exhibit R paragraphs 9-12).

65. On or about 11/3/2021, COOK COUNTY CORRECTIONAL OFFICER DANIELS confiscated the Plaintiff's single piece of paper with his notes for court to be held that day, informed the plaintiff that he could not have such items in the court, and then took the Plaintiff's property to his personal residence after he left the COOK COUNTY DEPARTMENT OF CORRECTIONS for the day.

LEGAL ALLEGATIONS

66. MARY INNES committed prosecutorial misconduct by holding back exculpatory evidence, in violation of the Brady Rule.

67. MARY INNES manufactured false evidence and made misrepresentations of a "CODIS hit" in relation to laboratory tests of DENNIS CUMMINGS' DNA compared to the DNA of Ariel Johnson.

68. TIMOTHY JOYCE concealed the manufactured evidence and conspired with Mary Innes to hold DENNIS CUMMINGS in custody and enter orders authorizing the issue of $3.25 Million D in bonds.

## COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 28 U.S. CODE § 566 and 65 ILCS 5/11-1-2 (Federal and State Law Claim)

69. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

70. The actions of MICHAEL PETTIS, and his partner, STACY TOMS of making an arrest of the Plaintiff, while acting as members of the U.S. Marshal Service Great Lakes Regional Fugitive Task Force and Chicago Police Department, without a warrant or probable cause and lacking reasonableness to believe that CUMMINGS had committed a felony cognizable under the laws of the United States or the State of Illinois is evidence of the deprivation of CUMMINGS' Fourth, Fifth, and Fourteenth Amendment rights protected by the Federal Constitution, under the color of law of 28 U.S. Code § 566 and 65 ILCS 5/11-1-2.

71. Specifically, the Plaintiff's Fourth Amendment right to be secure in his person and house against unreasonable searches and seizures was violated when MICHAEL PETTIS and STACY TOMS, without objective legal reasonableness, entered into his home with guns drawn, without a warrant or probable cause, and placed the Plaintiff in handcuffs and caused him to be transported to the CHICAGO POLICE DEPARTMENT DISTRICT 5.

72. PETTIS and TOMS also violated the Plaintiff's rights under the Fifth and Fourteenth Amendment in that they deprived the Plaintiff of liberty and property, without due process of law in that their seizure of the Plaintiff was without warrant or probable cause.

The Fifth Amendment violation is applicable here as the Defendants were acting as agents of the Federal Government; the Fourteenth Amendment is applicable here as the Defendants were contemporaneously acting as municipal employees within the State of Illinois.

73. The Defendants' actions lacked objective legal reasonableness as a reasonable officer could have believed that such a seizure without a warrant or probable cause would not have comported with the Plaintiff's Fourth, Fifth and Fourteenth Amendment rights under the Federal Constitution.

74. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for compensatory and punitive damages against MICHAEL PETTIS and STACY TOMS, individually and in their official capacity with the CITY OF CHICAGO, and to provide further relief that is reasonable and just under the circumstances.

**COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 28 U.S. CODE § 566 and 65 ILCS 5/11-1-2 by way of STALKING (720 ILCS 5/12-7.3(a)(1)(2)) (Federal and State Law Claim)**

75. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

76. The fact that PETTIS nor TOMS had obtained an arrest warrant, search warrant or any authorization to conduct surveillance within the performance of their duties and employment with the U.S. Marshals Service and the Chicago Police Department constitutes acting under the color of 28 U.S. Code § 566 and 65 ILCS 5/11-1-2; and, where PETTIS admitted in open court that the Defendants conducted "surveillance" on the Plaintiff's home for several hours with binoculars, constitutes the charge of Stalking

under the referenced State Law in that had the Plaintiff known that he was being stalked by two people armed with dangerous weapons, who had no lawful authorization to surveil his home, he would have feared for his safety and the safety of his family and would have suffered emotional distress.

77. By committing the crime of Stalking, PETTIS and TOMS violated the Plaintiff's Fourth Amendment right under the Federal Constitution to be secure in his house against unreasonable searches.

78. The Defendants' actions lacked objective legal reasonableness as a reasonable officer could have believed that such an act without a warrant, probable cause, or express authorization from a superior would not have comported with the Plaintiff's Fourth Amendment rights under the Federal Constitution.

79. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory against MICHAEL PETTIS and STACY TOMS, individually and in their official capacity with the CITY OF CHICAGO, and to provide further relief that is reasonable and just under the circumstances.

## COUNT THREE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 725 ILCS 5/111-2(f)

80. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

81. SHERRY ODUNSI-CRAWL signed three Complaints for Preliminary Examination in the capacity of the complainant and the capacity of the Clerk of the Circuit Court (Exhibit D).

82. The face of the complaint clearly prescribes that the complainant, duly sworn officer who they complain to, judge, and clerk are separate capacities and there is no provision in the State Law that would allow a police detective to serve in multiple capacities contemporaneously.

83. The complaints are not signed by a judge as prescribed on the face of the complaints.

84. By signing the complainant's name and Clerk of the Circuit Court's name, thereby acting in multiple capacities in an effort to commence a felony prosecution, CRAWL did deprive the Plaintiff of his Fourteenth Amendment right under the Federal Constitution to not be deprived of liberty and property without due process of law.

85. Any reasonable officer could have known that signing a court document for other persons without their consent and where it is not authorized by law, in order to commence a felony prosecution, would violate clearly established constitutional provisions, such as the Fourteenth Amendment.

86. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory against SHERRY ODUNSI-CRAWL, individually and in her official capacity with the CITY OF CHICAGO, and to provide further relief that is reasonable and just under the circumstances.

## COUNT FOUR: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 725 ILCS 5/111-1(a)3, -3(b) and  55 ILCS 5/3-9005 (State law Claim)

87. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

88. MARY INNES, JAMES MURPHY, MICHAEL BAGNOWSKI, ERIKA BARNAS and by extension KIMBERLY M. FOXX, performed the duties of a State's Attorney in

commencing a prosecution by an 'indictment'. However, there is no indictment "signed by the foreman of the Grand Jury" in accordance with the referenced state statute – in fact, there is no evidence that a Grand Jury was convened at all. This is evidence of the performance of the duties of a State's Attorney under color of state law. Any State's Attorney or Assistant State's Attorney would reasonably have known that an indictment not signed by a foreman of a Grand Jury, or not having convened a Grand Jury at all, would deprive the Plaintiff's clearly established Fourteenth Amendment right under the Federal Constitution.

89. With the Defendants' unreasonable performance of their duties under color of law, they have proximately caused the Plaintiff to be deprived of his liberty at the CHICAGO POLICE DEPARTMENT DISTRICT 5 and in the COOK COUNTY JAIL for more than 410 days since 7/14/2020.

90. This deprivation of liberty under color of state law is a direct violation of the Plaintiff's Fourteenth Amendment right secured by the Federal Constitution in that the Defendants deprived the Plaintiff of liberty and property, without due process of law.

91. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against MARY INNES, JAMES MURPHY, MICHAEL BAGNOWSKI, ERIKA BARNAS and KIMBERLY FOXX, in their individual and official capacities, and to provide further relief that is reasonable and just under the circumstances.

**COUNT FIVE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 55 ILCS 5/3-9005 BY THE ACT OF PERJURY AND PROSECUTORIAL MISCONDUCT (State law Claim)**

92. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

93. To enter the office of State's Attorney within the State of Illinois, a State's Attorney, and by extension, a duly appointed Assistant State's Attorney must take an oath, swearing or affirming to support the Constitution of the United States and the Constitution of the State of Illinois.

94. According to the Illinois State Statute 720 ILCS 5/32-2, "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law the oath or affirmation is required, he or she makes a false statement, material to the issue or point in question, knowing the statement is false."

95. The actions of MARY INNES, the lead Assistant State's Attorney in the Circuit Court matter, JAMES MURPHY, MICHAEL BAGNOWSKI, ERIKA BARNAS and KIMBERLY FOXX on or about July 15th, 2020 of knowingly and willfully filing in the Circuit Court a "Petition for a Hearing on Denial of Bail Pursuant to Article 1, Section 9 of the Constitution of the State of Illinois Compiled Statutes, 1987 725 ILCS 5/110-6.1 which stated "…the proof is evident or the presumption great that the defendant is guilty of these crimes..." and the knowing and willful filing of an unsigned document into the Circuit Court which stated the DNA gathered from a swab of the victim's mouth "resulted in a CODIS hit that matched another victim in an unrelated rape kit" and that CUMMINGS' DNA matched both kits, is evidence of perjury as those statements were false as evidenced by the Defendants' own amended petition to increase bail which was argued on 10/8/2020 in the Circuit Court (Exhibit S). The amended petition clearly states that the DNA of CUMMINGS was not gathered until 16 days after the State's Attorney

filed the above referenced documents into the Circuit Court; CUMMINGS' DNA was never gathered by any law enforcement agency prior to 7/31/2020.

96. The acts of perjury under the laws of the State of Illinois prove that the Defendants were acting under color of the duties of a State's Attorney as outlined by 55 ILCS 5/3-9005. Further, those acts of perjury proximately caused the violation of the Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights secured by the Federal Constitution as JUDGE DAVID NAVARRO denied bail and remanded the Plaintiff into the custody of the Sheriff based on the perjurious statements of the State's Attorney – a cruel and unusual punishment that caused the Plaintiff to deprived of liberty and property without due process of law and where he was no longer secure in his person and house against unreasonable seizures. Any State's Attorney or Assistant State's Attorney would reasonably have known that making perjurious statements or representations would deprive the Plaintiff's clearly established Fourteenth Amendment rights under the Federal Constitution.

97. Additionally, the actions of the Defendants in suppressing the exculpatory evidence of the alleged victim's twice subpoenaed videotaped interview/photo array line-up where she identified Charles Lyons as her attacker is evidence of prosecutorial misconduct that violated the Plaintiff's due process rights, as outlined in the United States Supreme Court decision in *Brady v. Maryland, 373 U.S. 83 (1963)* – this is an act that on its face lacked objective legal reasonableness.

98. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against MARY INNES, JAMES MURPHY, MICHAEL BAGNOWSKI, ERIKA BARNAS and KIMBERLY FOXX, individually and in their

official capacities, and to provide further relief that is reasonable and just under the circumstances.

## COUNT SIX: VIOLATION OF CONSTITUIONAL RIGHTS UNDER COLOR OF
## 55 ILCS 5/3-6019 – State Law Claim

99. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

100.     The actions of THOMAS J. DART in contracting with the CHICAGO POLICE DEPARTMENT, the "originating agency", to store, maintain, and provide transportation of CUMMINGS to the county jail without a warrant is evidence of the deprivation of the Plaintiff's Fourth and Fourteenth Amendment rights under the Federal Constitution, under color of state law.

101.     Specifically, the Plaintiff's Fourth Amendment right to be secure in his person and house against unreasonable seizures was violated when DART contracted with and performed under the contract with the CHICAGO POLICE DEPARTMENT to store, maintain, and provide transportation of CUMMINGS to the county jail on or about 7/15/2020.

102.     DART also deprived the Plaintiff of his Constitutionally protected right under the Fourteenth Amendment to not be deprived of liberty and property without due process of law as there was never a warrant for DART to act upon in contracting with the CHICAGO POLICE DEPARTMENT as outlined by the state statute.

103.     The action of DART in contracting with the CHICAGO POLICE DEPARTMENT to store, maintain, and transport CUMMINGS lacked objective legal reasonableness as a reasonable Sheriff could have known that depriving a person of their

liberty in the Sheriff's jail facility, where there was no warrant presented to said Sheriff, would violate the detainee's clearly established Fourth and Fourteenth Amendment rights under the Federal Constitution.

104.     WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against THOMAS J. DART in his individual and official capacity, and to provide further relief that is reasonable and just under the circumstances.

## COUNT SEVEN: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF 65 ILCS 5/11-1-2 via CONSPIRACY (720 ILCS 5/8-2) to KIDNAP WHILE ARMED WITH A DANGEROUS WEAPON (720 ILCS 5/10-1(2)(3)) and commit the offense of UNLAW RESTRAINT WHILE ARMED WITH A DANGEROUS WEAPON (720 ILCS 5/10-3) - State Law Claim

105. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

106. The Defendants: SHERRY ODUNSI-CRAWL, JOHNNIE MINTER EDWARDS, and EBONY M CURL, are all specifically mentioned in the open court testimony of MICHAEL PETTIS on 6/1/2021 (Exhibit F) in that CRAWL and EDWARDS were the detectives who, without a warrant or probable cause, communicated with and directed PETTIS and his partner, TOMS, to kidnap CUMMINGS, while armed with a dangerous weapon, and that EBONY M CURL was one of two people who came to the Plaintiff's home at 9631 S Greenwood, Chicago, IL 60628, while armed with a dangerous weapon, in what was a direct transfer by force of CUMMINGS, from PETTIS and TOMS, to CURL, where PETTIS and TOMS carried CUMMINGS by force from inside his home to the

24

street, while armed with a dangerous weapon, and where CURL transported the Plaintiff from the street outside his home to CHICAGO POLICE DEPARTMENT DISTRICT 5, while armed with a dangerous weapon. These referenced facts constitute the intent and actions of the Defendants in furtherance of an agreement between one another that the offense of Kidnapping and Unlawful Restraint be committed against the Plaintiff, while acting under the color of 65 ILCS 5/11-1-2 – Duties and powers of police officers, that did deprive the Plaintiff of his Federal Constitutionally protected Fourth and Fourteenth Amendment rights.

107.  In an Arrest Report dated 7/14/2020 (Exhibit T), Defendant CARL M CARTER is listed as a "Watch Commander" who received and released CUMMINGS as notated in a "Movement Log". WALTER J SHEPLER is listed as the personnel who did the 'Final Approval of Charges' at or around 11:11pm on 7/14/2020. CHRISTOPER PETTIS is listed as the "Approving Supervisor" who approved probable cause at or around 2:06pm on 7/14/2020 (Exhibit T). These referenced facts constitute the intent and actions of the Defendants, in furtherance of an agreement between one another, that the offense of Kidnapping and Unlawful Restraint be committed against the Plaintiff, while acting under the color of 65 ILCS 5/11-1-2 – Duties and powers of police officers, that did deprive the Plaintiff of his Federal Constitutionally protected Fourth and Fourteenth Amendment rights.

108.  The actions of the Defendants lacked objective legal reasonableness in that any reasonable officer could have known that to arrest and deprive a person of his liberty without a warrant or probable cause would be in violation of their clearly established Fourth and Fourteenth Amendment rights under the Federal Constitution.

109.    WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against SHERRY ODUNSI-CRAWL, JOHNNIE MINTER EDWARDS, EBONY M CURL, CARL M CARTER, WALTER J SHEPLER, CHRISTOPHER PETTIS, MICHAEL PETTIS, and STACY TOMS in their individual and official capacities, and to provide further relief that is reasonable and just under the circumstances.

## COUNT EIGHT: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER
## COLOR OF 725 ILCS 5/108-4-State Law Claim

110. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

111. BARNAS signed the Complaint for Search Warrant/Search Warrant, CRAWL was the complainant but did not sign the warrant, the warrant was not signed by a judge, and the warrant was served on the Plaintiff by CRAWL to compel Cummings to give his DNA.

112. This is evidence of the deprivation of the Plaintiff's Fourth Amendment right under the Federal Constitution to be secure in his person against unreasonable searches and that no Warrants shall issue , but upon probable cause, supported by Oath or affirmation.

113. The actions of BARNAS and CRAWL were unreasonable in that any reasonable officer of the court could know that to serve a search warrant where the warrant was not signed by a complainant nor by a judge of the court from where the warrant originated would deprive one of the people of their protected Fourth Amendment under the Federal Constitution.

114. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against ERIKA BARNAS and SHERRY ODUNSI-CRAWL

in their individual and official capacities, and to provide further relief that is reasonable and just under the circumstances.

## COUNT NINE: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF ARTICLE VI SECTION 9 OF THE CONSTITUTION OF THE STATE OF ILLINOIS - State Law Claim

115. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

116. According to the Constitution of the State of Illinois, the Circuit Courts shall have original jurisdiction of all justiciable matters, except in certain scenarios which are not relevant here.

117. The Circuit Court has lacked jurisdiction to hear the matter concerning the Plaintiff of this action ab initio for several reasons:

    1) The Complaints for Preliminary Hearing that were originally used to commence the matter in the Circuit Court were defective in that they were not signed by a judge and were signed by CRAWL as the complainant and as the Clerk of the Circuit Court, and that no probable cause hearing was ever held (Exhibit D).

    2) The indictment that was used to later supersede the Complaints for Preliminary Hearing was not signed by the foreman of the Grand Jury as required by State Law (Exhibit U) – leading a reasonable person to question whether a Grand Jury was convened altogether.

    3) The so-called "arrest" of the Plaintiff was done without a warrant, without probable cause (Exhibit F), and no exigent circumstances were pled in the

Circuit Court record which would give the Circuit Court jurisdiction to hear the matter in contradiction to the Fourth Amendment provisions of the Federal Constitution.

4) There was no sworn complaint by an injured party alleging that a felonious act was committed by the Plaintiff against them at the time of the commencement of the proceeding in the Circuit Court – in fact, there was evidence at the time of the commencement of the prosecution that someone other than the Plaintiff had committed the offense, sworn to by the alleged victim herself.

118. The action of DAVID R. NAVARRO on 7/15/2020 of denying the Plaintiff bail in the Circuit Court while the court lacked jurisdiction for the above-mentioned reasons is evidence of an act done beyond the bounds of NAVARRO's lawful authority, while he was purporting to or pretending to act in the performance of his official duties. This action did deprive the Plaintiff of his liberty and property without due process of law according to the Fourteenth Amendment of the Federal Constitution, under color of state law.

119. The action of SUSANA L. ORTIZ on 8/3/2020 of setting a $10,000 I-Bond against the Plaintiff in the Circuit Court, while the court clearly lacked jurisdiction to act is evidence of an act done beyond the bounds of ORTIZ's lawful authority, while she was purporting to or pretending to act in the performance of her official duties. This action did deprive the Plaintiff of his liberty and property without due process of law according to the Fourteenth Amendment of the Federal Constitution, under color of state law.

120. The fact that on 9/11/2020, ARTHUR WESLEY WILLIS made an indication of an indictment in his order, which was not signed by a foreman of a grand jury, depriving the court of jurisdiction to act, yet caused the Plaintiff to be restrained of his liberty in the

28

custody of the COOK COUNTY SHERIFF, is evidence of an act done beyond the bounds of WILLIS' lawful authority, while he was purporting to or pretending to act in the performance of his official duties. This act did deprive the Plaintiff of his liberty and property without due process of law according to the Fourteenth Amendment of the Federal Constitution, under color of state law.

121. The action of TIMOTHY JOYCE on 10/8/2020 of entering an order approving the issue of a $2.5 Million Bond D against the Plaintiff in the Circuit Court, while the court clearly lacked jurisdiction to act is evidence of an act done beyond the bounds of JOYCE's lawful authority, while he was purporting to or pretending to act in the performance of her official duties. This action did deprive the Plaintiff of his liberty and property without due process of law according to the Fourteenth Amendment of the Federal Constitution, under color of state law.

122. The action of TIMOTHY JOYCE on 2/5/2021 of entering an order approving the issue of a $750,000 Bond D against the Plaintiff in the Circuit Court, while the court clearly lacked jurisdiction to act is evidence of an act done beyond the bounds of JOYCE's lawful authority, while he was purporting to or pretending to act in the performance of his official duties and further shows the deprivation of the Plaintiff's Fourteenth Amendment right under the Federal Constitution, under color of law.

123. The action of ARTHUR F. HILL on 7/28/2021 of noting on the record that the Plaintiff was not present in court, while knowing his whereabouts in the custody of the Cook County Sheriff and ordering a 20-day continuance notwithstanding while the court clearly lacked jurisdiction to act is evidence of an act done beyond the bounds of HILL's lawful authority, while he was purporting to or pretending to act in the performance of his

29

official duties and further shows the deprivation of the Plaintiff's Fourteenth Amendment right under the Federal Constitution, under color of law.

124. The fact that on 8/25/2021, JOYCE prevented CUMMINGS' from attending the Circuit Court proceedings and entered an order for a continuance while the Circuit Court clearly lacked jurisdiction to act is evidence of a criminal act done beyond the bounds of JOYCE's lawful authority, while he was purporting to or pretending to act in the performance of his official duties. JOYCE's actions on this day deprived the Plaintiff of his Fourteenth Amendment right as secured by the Federal Constitution, under color of State Law, in that the Plaintiff was deprived of his liberty and property without due process of law.

125. The fact that on 9/2/2021, 9/24/2021, 9/30/2021 and 10/14/2021 JOYCE remanded CUMMINGS into the custody of the COOK COUNTY SHERIFF while the Circuit Court clearly lacked jurisdiction to act is evidence of acts done beyond the bounds of JOYCE's lawful authority, while he was purporting to or pretending to act in the performance of his official duties. JOYCE's actions on these days deprived the Plaintiff of his Fourteenth Amendment right as secured by the Federal Constitution, under color of State Law, in that the Plaintiff was deprived of his liberty and property without due process of law.

126. Judicial immunity may only extend to all judicial acts within the court's jurisdiction and judicial capacity, but it does not extend to either criminal acts, or acts outside of official capacity or in the `clear absence of all jurisdiction.' see Stump v. Sparkman 435 U.S. 349 (1978). "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or

judicial capacity, judicial immunity is lost." —Rankin v. Howard 633 17.2d 844 (1980),
Den Zeller v. Rankin, 101 S.Ct. 2020 (1981).

127. Any reasonable judge would take the duty to care that a case brought before them is
properly charged and that the court has jurisdiction to act. A reasonable judge could also
know that when there is a want of jurisdiction, any act they may perform besides
dismissing a complaint would be in violation of an accused clearly established rights
under the Federal Constitution.

128. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive
and compensatory damages against DAVID R. NAVARRO, SUSANA L. ORTIZ,
ARTHUR F. HILL and TIMOTHY JOYCE, in their individual capacities, and to provide
further relief that is reasonable and just under the circumstances.

### COUNT TEN: VIOLATION OF CONSTITUTIONAL RIGHTS DUE TO CONSPIRACY (720 ILCS 5/8-2) TO DEPRIVE RIGHTS UNDER COLOR OF LAW (18 U.S. CODE SECTION 242) -Federal/State Law Claim

129. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual
allegations.

130. The fact that DENNIS CUMMINGS was taken from his cell on the morning of
7/28/2021, placed on the prisoner transport bus, brought to the George N. Leighton
Criminal Court Building, and not permitted to leave the bus even though he had court that
day is evidence of deprivation of his protected Federal Constitutional rights to due
process under the Fourteenth Amendment, in accordance with 18 U.S. Code Section 242.

131. The fact that CUMMINGS was set to present his motions in front of ERICA REDDICK
on 7/28/2021, ERICA REDDICK's presence in the court building but absence from her

assigned courtroom 101, ARTHUR F. HILL presiding over the 9:00am court call instead of ERICA REDDICK, CCDOC DIVISION 5 PRISIONER TRANSPORTATION LIEUTENANT holding CUMMINGS on the bus during the proceedings, Talena Cummings informing HILL via the bailiff Deputy Purrell [phoenetic] of CUMMINGS' whereabouts, and HILL ordering a 20 day continuance despite knowing of CUMMINGS' whereabouts in the custody of the sheriff, is evidence of a conspiracy between the Defendants to deprive CUMMINGS of his protected Federal Constitutional rights to due process of law.

132. ERICA REDDICK's actions in the conspiracy to deprive CUMMING of his protected due process rights were her willful absence from the 9:00am court call with the intent to deprive the Plaintiff of his due process rights by allowing HILL an opportunity to continue the matter for 20 days as REDDICK was the presiding judge of the criminal court whereby only a judge in her position was able to hear and enter a judgment on a motion to substitute a judge as is a customary rule in the Circuit Court and the fact that JOYCE's order from 7/23/2021 named REDDICK as the judge to conduct the proceedings. This was an act in furtherance of the agreement with the other court officers to commit the offense of 18 U.S. Code Section 242.

133. The actions of CCDOC DIVISION 5 PRISIONER TRANSPORTATION LIEUTENANT in the conspiracy to deprive CUMMINGS' of his rights to due process were his intent and willful act of holding CUMMINGS on the prisoner transport bus, preventing the Plaintiff from attending court in furtherance of the agreement between him and the other Defendants to deprive the Plaintiff of his due process rights. It is clear that the Defendant lied to CUMMINGS about not having paperwork to bring him to court as

CUMMINGS was removed from his cell, placed on the bus, and transported to the court building – an act in furtherance of his agreement with the other Defendants to commit the offense of 18 U.S. Code Section 242. CCDOC DIVISION 5 PRISONER TRANSPORTATION LIEUTENANT was in communication with the other court officers, conspiring, in order to know to hold CUMMINGS on the bus outside of the court building.

134. The action of ARTHUR F. HILL of continuing the Circuit Court matter for 20 days because CUMMINGS was not present in the court despite knowing of the Plaintiff's whereabouts is evidence of his intent to commit the offense of 18 U.S. Code Section 242 and of his actions in furtherance of agreement with his co-conspirators ERICA REDDICK and CCDOC DIVISION 5 PRISONER TRANSPORTATION LIEUTENANT.

135. Notwithstanding the criminal violation of 18 U.S. Code Section 242, the state actors ERICA REDDICK and ARTHUR F. HILL were acting outside of their capacity of a judge as the Circuit Court lacked jurisdiction to conduct its proceedings in the first place given the defective complaints used to commence the action, the defective indictment used to supersede the complaints, the warrantless arrest without probable cause, and the lack of corpus delecti in the matter.

136. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against ERICA REDDICK and ARTHUR F. HILL in their individual capacities, and against CCDOC DIVISION 5 PRISONER TRANSPORTATION LIEUTENANT in his official and individual capacity, as his

actions lacked objective legal reasonableness, and to provide further relief that is reasonable and just under the circumstances.

**COUNT ELEVEN: VIOLATION OF CONSTITUTIONAL RIGHTS DUE TO CONSPIRACY (720 ILCS 5/8-2) TO DEPRIVE RIGHTS UNDER COLOR OF LAW (18 U.S. CODE SECTION 242) -Federal/State Law Claim**

137. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

138. The actions of MARY INNES and TIMOTHY JOYCE on 9/24/2021 constitute a conspiracy under 720 ILCS 5/8-2 to deprive CUMMINGS of his protected Federal Constitutional rights to due process, a violation of 18 U.S. Code Section 242 in that JOYCE called the Circuit Court case, the Plaintiff was not brought to the court to participate and Joyce and INNES agreed to continue the Circuit Court matter without CUMMINGS' present. The referenced facts show the Defendant's intent and actions in furtherance of their agreement to violate 18 U.S. Code Section 242.

139. It is also of note that CUMMINGS' 'Motion to Release Defendant from Custody Immediately' (in the nature of a petition for writ of habeas corpus) expressly challenged the Circuit Court's jurisdiction and moved the court to dismiss the matter for lack thereof. The fact that no evidence of jurisdiction was pointed to on the record, in addition to the defective indictment used to prosecute the action, the warrantless arrest without probable cause, and the lack of corpus delecti, proves that JOYCE was acting without jurisdiction and outside of his official capacity as an associate circuit court judge; therefore, he is not benefitted from judicial immunity for his actions.

140. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against TIMOTHY JOYCE, in his individual capacity, and against MARY INNES in her individual and official capacity, as their actions lacked objective legal reasonableness, and to provide further relief that is reasonable and just under the circumstances.

### COUNT TWELVE: VIOLATION OF CONSTITUTIONAL RIGHTS DUE TO CONSPIRACY (UNDER 720 ILCS 5/8-2) TO DEPRIVE RIGHTS UNDER COLOR OF LAW (18 U.S. CODE SECTION 242) -Federal/State Law Claim

141. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

142. The action of TIMOTHY JOYCE on 9/30/2021 in denying CUMMINGS' motion for the circuit court to provide evidence on the record of its jurisdiction in the form of a delegation of authority order by way of averment of jurisdiction from congress by saying "That has no meaning…Congress has no authority in this court room…I deny your motion" and "Your motion is nonsense, it has no legitimacy under the laws" is direct evidence of a violation of 18 U.S. Code Section 242 and constitutes his intent to commit the offense and is evidence of his action in furtherance of his agreement with MARY INNES to deprive the Plaintiff of his due process rights.

143. The fact that MARY INNES represented the moving party and did not provide evidence on the record proving the Circuit Court's jurisdiction and agreed to continue the matter with JOYCE, over CUMMINGS' objections, is evidence of the violation of 18 U.S. Code Section 242 and constitutes her intent to commit the offense and is evidence of her

action in furtherance of her agreement with JOYCE to deprive the Plaintiff of his due process rights.

144. The Defendants' actions lacked objective reasonableness as any reasonable Circuit Court Judge and Assistant State's Attorney could know that when jurisdiction is challenged, it must be proved on the record and an act done where the court is deprived of jurisdiction, such as causing one to be deprived of liberty, would violate clearly established rights to due process under the Federal Constitution.

145. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against TIMOTHY JOYCE, in his individual capacity, and against MARY INNES in her individual and official capacity, as their actions lacked objective legal reasonableness, and to provide further relief that is reasonable and just under the circumstances.

**COUNT THIRTEEN: VIOLATION OF CONSTITUTIONAL RIGHTS DUE UNDER COLOR OF 55 ILCS 5/3-15003 -State Law Claim**

146. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

147. The actions of COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICER DANIELS of confiscating the Plaintiff's notes for court and then taking the Plaintiff's property to his personal residence that same day constitutes deprivation of the Plaintiff's Fourth Amendment right to be secure in his papers against unreasonable seizures and the Plaintiff's Six Amendment right to enjoy the right of Assistance of Counsel for his defense in that the Plaintiff's notes were given to him via telephone by his Counsel.

148. These deprivations of rights were done under color of 55 ILCS 5/3-15003, the Powers and Duties of the County Department of Corrections, in that there is no provision within the State Law that permits a correctional officer from confiscating legal papers of detainees while traveling to and from court, or otherwise, and to take legal papers, or any other property, of a detainee to their personal residence. The Defendant's actions were clearly unreasonable as over the course of the past sixteen months, no other correctional officer has committed such an act when the Plaintiff has carried various pieces of property into the court because any other department of corrections personnel knew and know that such acts would violate clearly established constitutional provisions of the Plaintiff.

149. WHEREFORE, the Plaintiff moves this Honorable Court to enter a judgment for punitive and compensatory damages against COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICER DANIELS in his individual and official capacity, as his actions lacked objective legal reasonableness, and to provide further relief that is reasonable and just under the circumstances.

## RELIEF REQUESTED

WHEREFORE, Plaintiff DENNIS CUMMINGS moves this Court to:

(1) Enter a judgment in Plaintiff's favor and against each named Defendant in their respective capacities related to the charges stated herein and also award Plaintiff compensatory and punitive damages based on Defendants' actual fraud and misconduct;

(2) Grant the Plaintiff relief from a final judgment, order or proceeding under Fed. R. Civ. P. 60 for any of the provisions under the rule; And

(3) Grant any further relief that the Court may deem reasonable and just under the circumstances.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, by and through his Counsel, Blake Atlas Billups, hereby demands a trial by jury in the above-entitled matters as to all issues and claims for which a trial by jury is cognizable under the law.

Dated: November 4, 2021

Respectfully submitted,

Blake Atlas: Billups All Rights Reserved W/out Prejudice
Blake Atlas Billups
Counsel for Plaintiff
901 Lake St. Unit# 3341
Oak Park, IL 60303
312-446-8433
blakeatlas@protonmail.com